UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, | Case No. 2:16-cv-0851-RFB-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Defendant. | |

This action, filed by Victor Tagle ("Plaintiff"), was commenced on April 12, 2016 with an Application for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and attached Complaint. (ECF Nos. 1 & 1-1). Plaintiff is proceeding *pro se*. Initially, this Application was denied and Plaintiff was required to pay the full filing fee. His failure to do so resulted in a dismissal of the case. That order was reversed by the Ninth Circuit and the case was remanded back to this Court. The Court now reviews the Application again.

Plaintiff has submitted the Affidavit required by § 1915(a), and demonstrates an inability to prepay fees or costs or give security for them. (ECF No. 1). Therefore, the request to proceed *in forma pauperis* is granted.

The Court will now screen Plaintiff's Complaint. (ECF No. 1-1). Upon granting a request to proceed *in forma pauperis*, the Court must additionally screen the Complaint pursuant to § 1915.[1] Federal courts may dismiss actions that are "frivolous or malicious," that fail to state a

---

[1] The screening requirement is not limited to prisoner actions. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those

1

claim upon which relief may be granted, or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court additionally has a duty to ensure that it has subject matter jurisdiction over the disputes before it. See Fed. R. Civ. P. 12(h)(3); see also Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted) (finding that the Court has a *sua sponte* obligation to ensure subject matter jurisdiction). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

In this case, Plaintiff alleges federal jurisdiction under Section 1983.[2] To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted). Plaintiff's Complaint does not allege any specific facts giving rise to a Section 1983 violation conducted by any of the Defendants identified. Rather, Tagle appears to raise an issue with the state court's determination of a legal issue involving his property. He references a state court proceeding he initiated and which did not end favorably for him. The Nevada Supreme Court, according to Plaintiff, appears to have ruled against him on state law grounds. He also takes issue with how state court clerks, alleged to be defendants in this case, handled his state case. The Court does not find that these allegations constitute a Section 1983 claim, and even construed liberally, do not invoke a federal question at all.

As the Court finds that Plaintiff fails to state a claim for relief, and also finds that there is no subject matter jurisdiction, the instant Complaint is dismissed without prejudice. The Court

---

filed by prisoners").

[2] In his Complaint, Plaintiff references various random concerns. His Complaint is actually titled "Tort Action" yet he identifies no federal tort over which this Court would have jurisdiction. However, his claim(s) involve Defendants allegedly acting "under color of state law", such that the only basis for federal jurisdiction is Section 1983.

2

finds that amendment of the Complaint would be futile as Plaintiff has not remotely identified any claims that would entitle him to relief against the identified Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is DISMISSED without prejudice. The Clerk of Court is instructed to close this case.

DATED this 6th day of August, 2018.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**